UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02967-TWP-TAB |
| ) | |
| MARION COUNTY JAIL, ) | |
| MARION COUNTY SHERIFF DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

This matter is before the Court on a civil rights action filed by Plaintiff Kevin Bennett ("Bennett"), a prisoner currently incarcerated at the Henderson County Detention Center. Bennett filed this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at the Marion County Jail. Because Bennett is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Bennett names two defendants in his complaint: (1) the Marion County Jail and (2) the Marion County Sheriff's Department. He bases his complaint on the following allegations:

Bennett was arrested and booked into the Marion County Jail ("the Jail") on May 22, 2021. During June 2021, Bennett was suicidal and was moved to a suicide cell. In the suicide cell, feces was smeared all over the wall, toilet, and bunk. Bennett was housed in the cell for numerous days, with feces all over his cell and all over the range. During that time, no one cleaned up his cell or the range. The nurses who passed Bennett his morning and evening medications rushed him to get up and take his medications because they wanted to get away from the smell of feces on the range. When Bennett said he wanted a shower, he was placed in a shower area that had feces on the shower floor and feces and urine in the toilet. During his time in the suicide cell, he complained to numerous people about the conditions, but they all stated that they could not move him. After he was released from suicide watch, Bennett filed grievances, but he never received a response.

On July 21, 2021, Bennett was placed on suicide watch again after he made suicidal gestures. He was again moved to a suicide cell. This cell had blood and feces smeared all over the bars, toilet seat, and bunk. While he was housed in this suicide cell, his water was cut off, so he could not take his medication and he was forced to live for about five days with feces and urine in his toilet. Bennett complained to multiple people about the conditions, but nothing changed.

Bennett alleges that the defendants violated the Constitution by intentionally and knowingly housing inmates in a range covered with feces, urine, and blood and not having staff clean up. He alleges that the conditions he faced caused him physical pain, jeopardized his physical health and safety, and caused him mental and emotional anguish. He seeks compensatory and punitive damages.

### III. Discussion of Claims

Bennett's claims against the Marion County Jail are **dismissed** because the Jail is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Bennett's claims against the Marion County Sheriff's Department shall, however, proceed. Although Bennett phrases his complaint in terms of the Eighth Amendment, it appears that he may have been a pretrial detainee at the time of at least some of the events described in the complaint. If he was a pretrial detainee, the Fourteenth Amendment governs his claims, and he must allege that his treatment was objectively unreasonable. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's medical care claim); *see also Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (extending *Miranda*'s objective unreasonableness inquiry to pretrial detainee's conditions-of-confinement claim). If he was a convicted prisoner, the Eighth Amendment governs his claim, and he must allege deliberate indifference to a substantial risk of serious harm to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994).

Under either standard, the Sheriff's Department cannot be liable for the acts of its employees under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. at 691–94.

Instead, the Sheriff's Office may only be sued when its actions violate the Constitution. *Id.* Liability under this standard , requires a § 1983 plaintiff to assert sufficient factual allegations to support a claim "that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up).

Construing Bennett's complaint liberally, he has adequately alleged that the Sheriff's Department has knowingly acquiesced to a widespread pattern of unconstitutional conditions of confinement in the area where suicidal inmates are housed. Accordingly, his conditions-of-confinement claim against the Sheriff's Department **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 31, 2022,** in which to identify those claims.

The **clerk is directed** to terminate the Marion County Jail as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the Marion County Sheriff's Department in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 2, 2021, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 5/2/2022

                                                   Hon. Tanya Walton Pratt, Chief Judge
                                                   United States District Court
                                                   Southern District of Indiana

Distribution:

KEVIN BENNETT
229241
HENDERSON
Henderson County Detention Center
380 Borax
Henderson, KY 42420

Marion County Sheriff's Department
40 South Alabama Street
Indianapolis, IN 46204