UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-02967-TWP-TAB |
| ) | |
| MARION COUNTY SHERIFF DEPARTMENT[1], ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Marion County Sheriff's Office ("MCSO") (Dkt. 49). Plaintiff Kevin Bennett ("Bennett"), a prisoner, filed this § 1983 action alleging MCSO violated his constitutional rights while he was a pretrial detainee by placing him in a cell with unsanitary conditions. Because Bennett has not provided evidence that the MCSO violated his rights through a policy or custom, the summary judgment is **granted**.

I.   **STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(a). When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d

---

[1] Defendant's actual name is Marion County Sheriff's Office (*see* Dkt. 27).

822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

Because the MCSO has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Bennett, the non-moving party, and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572-73.

Bennett was arrested and booked into the Marion County Jail on May 22, 2021. (Dkt. 51-3 at 27.) Shortly thereafter, he was moved to the suicide segregation unit. *Id.* at 31. There, both the range and his cell were covered in feces, smeared over the walls, toilet, and bunk. *Id.* at 33. Even the shower was covered in feces. *Id.* at 49. No one cleaned his cell while he was there. *Id.*

at 35. Even the nursing staff complained about the unsanitary conditions. *Id.* at 38-39. When Bennett complained, nothing was done. *Id.* at 34-35.

After leaving the suicide segregation unit for a period, he returned on July 21, 2021. *Id.* at 42. Similar to the last time, Bennett's cell was covered in feces, as well as blood, and the range was also covered in feces. *Id.* at 37-38, 44. Additionally, his water was cut off so he could not flush the toilet for five days, adding to the feces and urine in the cell. *Id.* at 48. Bennett complained about the second circumstances, yet nothing changed. *Id.* at 44-45.

Although Bennett's cell was consistently unsanitary, MCSO has a policy of maintaining sanitary cell conditions. *See* Dkt. 51-5 at 4-5 (MCSO Jail Division Policies and Procedures, Policy #JP2-12 requiring "inspections which are critical to the sanitation, security, and safety of the Jail.").

On December 2, 2021, Bennett filed a Complaint naming the Marion County Jail and Marion County Sheriff Department as Defendants (Dkt. 1 at 2). Although he alleged "[e]ach Defendant is sued in their individual and official capacity," the Complaint does not name any individuals. Id. ¶7). In the Order Screening Complaint, Bennett's claims against the Marion County Jail were dismissed because the Jail is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). (Dkt. 18 at 3).

### III. DISCUSSION

Conditions-of-confinement claims for pretrial detainees flow from the Due Process Clause of the Fourteenth Amendment, and are analyzed under an objective standard. *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019). Under this standard, a plaintiff must show "that the conditions in [the jail] posed an objectively serious threat to his health; that the [defendant's] response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v.*

*Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Hardeman*, 933 F.3d at 823, 827, and *Miranda v. County of Lake*, 900 F.3d 335, 353−54 (7th Cir. 2018)).

To maintain a § 1983 claim, Bennett must show that his constitutional rights were violated by a policy or custom of the MCSO. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694−95 (1978). "The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation." *Gonzalez v. McHenry Co., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). For liability to attach, Bennett must show that the municipality acted with deliberate indifference. *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020); *see also Miranda*, 900 F.3d at 345, 352 (applying deliberate indifference standard to pretrial detainee's *Monell* claim despite disavowing that standard for pretrial detainee's claims against individual defendants).

Under the deliberate indifference standard, Bennett must show that he was at serious risk of exposure to harm, and MCSO "kn[ew] of a substantial risk of harm to an inmate and either act[ed] or fail[ed] to act in disregard of that risk." *Donald v. Wexford Health Sources, Inc.,* 982 F.3d 451, 458 (7th Cir. 2020) (cleaned up). To the extent that he is challenging a facially lawful policy (express or implied), Bennett must provide evidence of a "pattern of similar constitutional violations resulting from the policy." *Helbachs Café LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022) (cleaned up). If Bennett is challenging an unconstitutional municipal practice or custom, he must show "evidence that the identified practice or custom caused multiple injuries." *Id.* (cleaned up).

Bennett has not proven that MCSO has a policy of unconstitutionally maintaining unsanitary cell conditions. MCSO designated a copy of its inspection policy, which requires "daily security, sanitation, and safety patrol, including holidays and weekends, of all areas occupied by inmates." (Dkt. 51-5 at 4.) The policy states that inspectors "shall report any staff or inmate

4

concerns, faulty equipment, unsafe or unsanitary conditions, security or safety deficiencies observed, and corrective actions recommended." *Id.* Bennett has not provided evidence of a different policy, custom, or practice contradicting this facially lawful policy, nor has he provided evidence of a resulting pattern of similar violations.

The conditions described by Bennett are deplorable. But Bennett has not filed a claim against any individual jailers or persons who caused or allowed the unsanitary conditions alleged in his Complaint. While a jury could reasonably find that individual actors behaved contrary to the MCSO inspection policy and therefore violated Bennett's rights, he has not offered evidence from which a jury could find that the MCSO implemented a policy that it knew would disregard a substantial risk of harm to inmates. Without a showing of deliberate indifference on the part of the municipality, Bennett's claim must fail.

## IV. CONCLUSION

For the reasons explained above, the Motion for Summary Judgment, Dkt. [49], filed by the Marion County Sheriff's Office is **GRANTED**. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 2/21/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin Bennett, #2012094606
GRAYSON COUNTY DETENTION CENTER
320 Shaw Station Rd
Leitchfield, Kentucky  42754

Amy Stewart Johnson
FROST BROWN TODD LLP
asjohnson@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLP
aoverholt@fbtlaw.com

Barry F. McGinley
FROST BROWN TODD LLP
bmcginley@fbtlaw.com

John P. Lowrey
CITY OF INDIANAPOLIS
OFFICE OF CORPORATION COUNSEL
john.lowrey@indy.gov